CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 15 2022

JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

|  |  |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 4:22CV00100 ) ) |
| NEGRIL, INC., KIRBY WRIGHT, AND TAMMY WRIGHT-WARREN, | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants Negril Inc., Kirby Wright, and Tammy Wright-Warren (collectively referred to as "Defendants") from violating the provisions of Sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (hereinafter referred to as "the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants as liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Negril, Inc. ("Negril") is a corporation duly organized under the laws of the Commonwealth of Virginia, having its registered office at 2601 North Main Street, Danville, VA 24540 which is within the jurisdiction and venue of this Court. Defendant Negril

is engaged in providing care and supportive services to individuals with disabilities in Danville and its surrounding communities.

3. Defendant Kirby Wright ("Wright") is the president and fifty-percent owner of Defendant Negril. He resides at 400 Knottingham Way, Danville, VA 24500, which is within the jurisdiction of this Court. Defendant Wright is, and at all times hereinafter mentioned was, actively involved in the day-to-day operations of the business, including hiring and firing employees, setting employee rates of pay, and directing the overall operations of the business. Defendant Wright has acted directly or indirectly in the interest of Negril in relation to its employees at all times relevant herein and meets the definition of an employer under Section 3(d) of the Act. 29 U.S.C. § 203(d).

4. Defendant Tammy Wright-Warren ("Wright-Warren") is the vice president and fifty-percent owner of Negril. She resides at 129 Dakota Drive, Danville, VA 24540, which is within the jurisdiction of this Court. Defendant Wright-Warren is, and at all times hereinafter mentioned was, actively involved in the day-to-day operations of the business, including hiring and firing employees, setting employee rates of pay and schedules, and directing the overall operations of the business. Defendant Wright-Warren has acted directly or indirectly in the interest of Negril in relation to its employees at all times relevant herein and meets the definition of an employer under Section 3(d) of the Act. 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) providing supportive services to

clients with behavior or mental development disabilities in the furtherance of the business purposes of Defendants' unified business entity.

6. At all times relevant herein, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as computers and other office equipment that moved in or been produced for interstate commerce. Employees also regularly handled mail that was sent across state lines. Further, at all times relevant herein, Defendants have had annual gross volume sales made or business done of not less than $500,000. Therefore, Defendants' employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning Section 3(s)(1)(A) of the Act.

7. During the time period of at least July 16, 2018, through July 21, 2021 ("relevant period"), Defendants have employed the individuals largely as support staff, leaders, providers, specialists, and professionals. The employees listed in the attached "Schedule A" (collectively referred to hereinafter as "employees") were and/or are primarily employed by Defendants at some point during the relevant period.

8. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by employing their employees in an enterprise engaged in commerce and compensating these employees at rates less than the applicable statutory minimum rate prescribed in Section 6 of theAct. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act.

  a. For example, during the relevant period, Defendants paid many employees a fixed salary, irrespective of hours worked, which at times resulted in certain employees being paid hourly rates between $1.47 and $6.79, per hour, for every hour that they worked. Under Sections 6 and 15(a)(2) of the Act, Defendants were required to pay employees the federal minimum wage of $7.25 per hour.

  9. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, by employing their employees in an enterprise engaged in commerce for workweeks longer than forty hours and compensating these employees at a rate less than the applicable statutory overtime premium rate prescribed in Section 7 of the Act.

  a. For example, during the relevant period, Defendants employed in-home support staff who worked approximately eighty hours each workweek. During that time period, Defendants paid these employees a flat rate of $10.00 per hour for all hours worked over forty in a workweek. Under Sections 7 and 15(a)(2) of the Act, Defendants were required to pay these employees the overtime premium rate of not less than one and one-half times their regular rates of pay, and if their regular rates were less than the federal minimum wage, Defendants were required to pay one and one-half times the federal or applicable state minimum wage, whichever was higher. Defendants' failure to pay these employees time and one-half their regular rate for their hours worked over forty in a workweek violated Sections 7 and 15(a)(2) of the Act.

  10. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

a. For example, Defendants failed to make, keep, and preserve adequate and accurate records of the total premium pay for overtime hours worked, records of the hours worked each workday and total hours worked each workweek, and the regular hourly rate of pay for such workweeks.

11. As a result of the violations alleged above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Sections 6 and 7 of the Act for the employees named in Schedule A attached to this Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to Plaintiff.

12. During the investigative period, Defendants continually and willfully violated the provisions of the Act as alleged above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendant:

(a) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(b) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least July 16, 2018,

through at least July 26, 2021, and for an equal amount due to certain of Defendants' current and former employees as liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after July 26, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(c)     For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due Defendants' employees;

(d)     In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Mailing Address:

U.S. Department of Labor
Office of the Regional Solicitor
201 12th Street South
Suite 401
Arlington, VA 22202
(215) 693-9358 (voice)
Milyko.Andrea.M.@dol.gov

Respectfully submitted,
**UNITED STATES DEPARTMENT OF LABOR**

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Deputy Regional Solicitor

Ryma N. Lewis
Wage and Hour Counsel

        VSB No. 83322

        /s/__Andrea M. Milyko____
        Andrea M. Milyko
        Trial Attorney
        MA Bar No. 601027
        *Federal Government Attorney Appearance entered*
        Attorneys for Plaintiff
        U.S. Department of Labor

## Schedule A

|     | Last Name | First Name |
|-----|-----------|------------|
| 1.  | ALBERT    | ANDERSON   |
| 2.  | CHRIS     | ANDERSON   |
| 3.  | MINION    | ANDERSON   |
| 4.  | LATASHA   | BASSETT    |
| 5.  | ALENE     | BENNETT    |
| 6.  | LATASHA   | BRANDON    |
| 7.  | CECIL     | BRIDGEFORTH |
| 8.  | MADELENE  | BRIDGEFORTH |
| 9.  | FELICIA   | BROOKS     |
| 10. | NANCY     | BROOKS     |
| 11. | MARGARET  | CLARK      |
| 12. | DELVIN    | CONLEY     |
| 13. | BRANDI    | DAVIS      |
| 14. | JOHN      | DAVIS      |
| 15. | MARY      | DAVIS      |
| 16. | JEAN      | DICKERSON  |
| 17. | JUDY      | DODSON     |
| 18. | JASMIEAN  | FARMER     |
| 19. | CHRISTY   | FERGUSON   |
| 20. | EFFIE     | FULLER     |
| 21. | LACREESHA | GEE        |
| 22. | MARY      | GILES      |
| 23. | CAROLYN   | GRAVES     |
| 24. | PAMELA    | GUNTER     |
| 25. | BREANA    | HAGWOOD    |
| 26. | VIVIAN    | HALL       |
| 27. | MARY      | HARDEN     |
| 28. | CURTIS    | HARRIS     |
| 29. | JANICE    | HARRIS     |
| 30. | SOPHIA    | INGRAM     |
| 31. | BETTY     | JAMERSON   |
| 32. | MARVA     | JOHNSON    |
| 33. | RONNIE    | JONES      |
| 34. | MELISSA   | JONES-CROSS |
| 35. | DOLLIE    | KIRBY      |
| 36. | TONYA     | LOGAN      |
| 37. | ISSAC     | MARABLE    |
| 38. | TRICIA    | MASON      |
| 39. | CARNESHA  | MCCOY      |
| 40. | CLYDE     | MCCOY      |

| 41. | PATRICIA | MCCOY |
| --- | --- | --- |
| 42. | LASHONDA | MILLER |
| 43. | JACQUELINE | MILLS |
| 44. | GLORIA | MOORE |
| 45. | ASHLEY | MORRIS |
| 46. | THOMAS | MOTLEY |
| 47. | BERNICE | OAKS |
| 48. | CHERYL | PERRY |
| 49. | CAROL | PORTER |
| 50. | KATINA | PRICE |
| 51. | PRICILLA | PRUNTY |
| 52. | ANGELA | SEAY'CLARK |
| 53. | NOLENA | SIMMONS |
| 54. | REGINALD | SIMMS WHITE |
| 55. | SHERITA | SWANSON |
| 56. | MARVA | TOTTEN |
| 57. | ROGER | TURNER SR. |
| 58. | SHARON | VALENTINE |
| 59. | RHONDA | WALTON |
| 60. | LOUVONIA | WHITE |
| 61. | KATHY | WHITEHEAD |
| 62. | JA'MEKIA | WILLIAMS |
| 63. | JACQUELINE | WILLIAMS |
| 64. | LATAHIA | WILLIAMS |
| 65. | ROCHA | WILLIAMS |
| 66. | ROGER | WILLIAMS |
| 67. | DANNY | WILLIAMSON |
| 68. | BETTY | WILSON |
| 69. | PHYLLIS | WISE |
| 70. | JOANNE | WOODS |
| 71. | MARY | WOODS |
| 72. | MARIETHA | WRIGHT |
| 73. | ANTWIONETTE | YOUNGER |